# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MAJED SUBH,                              )
                                        )
            Plaintiff,                   )      $= 0$ 7 $-$ 4 7 9 $=$
                                        )
v.                                      )      Civil Action No.
                                        )
WAL-MART STORES EAST, LP                )      Jury Trial Demanded
                                        )
            Defendant.                   )

## COMPLAINT

### Parties

1.      Plaintiff Majed Subh is, and at all times relevant hereto was, a resident of New Castle County,  Delaware, and is a resident alien of Palestinian heritage and Asian (Middle Eastern) race.

2.      Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a limited partnership in the retail sales business, operating the Wal-Mart store known as Store #5436 in Wilmington, Delaware.

### Jurisdiction

3.      The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 2000e et seq. and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

### Facts

4.      Mr. Subh was employed at the Wal-Mart store, Store #5436, in Wilmington, Delaware beginning on or about December 20, 2005 as a photo center technician; Mr. Subh also worked

for the defendant prior to the opening of said store, during the period of time that the defendant was preparing store # 5436 for its opening.

5.      During the period of his employment by Wal-Mart, Mr. Subh was subjected on numerous occasions to yelling and inappropriate verbal comments and other inappropriate behavior by co-workers, including but not limited to Susan Ferrette, Cathy Brown, and others (including an individual known only as "Marvin" who worked in the electronics department of the same store).

6.      The inappropriate yelling, verbal comments, and behavior was reported by Mr. Subh to, among others, Mr. Frank Durst, manager of store #5436, and eventually to the Delaware Department of Labor (Charge #06060254W) and Equal Employment Opportunity Commission (Charge #17C-2006-01066) based upon Mr. Subh's allegations of discrimination, and appropriate administrative remedies and processes have been exhausted and appropriate right-to-sue documents have been obtained from those agencies.

7.      Subsequent to the filing of discrimination charges with the Delaware Department of Labor and the Equal Employment Opportunity Commission, supervisors and co-workers at defendant Wal-Mart continued to subject Mr. Subh to inappropriate yelling, verbal comments, inappropriate behavior, unjustified disciplinary "coachings," unjustified criticisms based upon his alleged failure to take breaks when he was following company policy for attending to customer needs, and in general Wal-Mart employees continued to harass and retaliated against Mr. Subh.

8.      Mr. Subh has experienced the unwanted sexual advances of Tamike Miller, and reported these unwanted sexual advances to Mr. Theodore Robinson of the Delaware Department of Labor, among others.

2

9.     Mr. Subh has filed a second charge with the Delaware Department of Labor (Charge #07010023W) and the Equal Employment Opportunity Commission (Charge # 17C-2007-00380) asserting ongoing discriminatory harassment and retaliation, and has exhausted his administrative remedies and processes and has obtained appropriate right-to-sue documents from those agencies.

## COUNT I

### Unlawful Discrimination in Employment, 42 U.S.C. § 2000e-1 et seq., Gender, Race, and National Origin Discrimination and Retaliation

10.    Paragraphs 1 to 9 are restated as if more fully set forth herein.

11.    The actions of the employees and management of defendant Wal-Mart were motivated by unlawful gender, race, and national origin discrimination, including sexual harassment, and by unlawful retaliatory motive based upon Mr. Subh's having exercised his rights to be free from discrimination, in violation of Title VII protections against discrimination and retaliation in employment, 42 U.S.C. § 2000e et seq.

12.    Mr. Subh has suffered damages as a result of the actions of Wal-Mart, including but not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses.

## COUNT II
### Unlawful Discrimination in Employment, 19 Del. C. § 711 et seq., Gender, Race, and National Origin Discrimination and Retaliation

13.    Paragraphs 1 to 12 are restated as if more fully set forth herein.

3

14.     The actions of the employees and management of defendant Wal-Mart were motivated by unlawful gender, race, and national origin discrimination, including sexual harassment, and by unlawful retaliatory motive based upon Mr. Subh's having exercised his rights to be free from discrimination, in violation of Delaware statutory protections against discrimination and retaliation in employment, 19 Del. C. § 711.

15.     Mr. Subh has suffered damages as a result of the actions of Wal-Mart, includingbut not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.     Paragraphs 1-15 are restated as if more fully set forth herein.

17.     The actions of defendant Wal-Mart and its employees and agents constitute the intentional infliction of emotional distress upon plaintiff Subh.

18.     Mr. Subh has suffered damages as a result of the actions of Wal-Mart, its employees, and agents, including but not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses.

**WHEREFORE,** Plaintiff Subh demands that judgment be entered in his favor against defendant on the above claims, including awards of compensatory damages, punitive damages, costs of suit, interest, attorneys' fees under 42 U.S.C. § 2000e-5 and any other appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

4

PLAINTIFF, MAJED SUBH

MAJED SUBH
204 Latimer Street
Apt. 2
Wilmington, DE 19804
(302) 384-5260

DATE: August 2, 2007

EEOC Form 161 (3/98)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Majed Subh**
    **204 Latimer Street, Apt 2**
    **Wilmington, DE 19804**

From:  **Philadelphia District Office**
       **21 South 5th Street**
       **Suite 400**
       **Philadelphia, PA 19106**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17C-2006-01066** | **Charles Brown, III, State & Local Coordinator** | **(215) 440-2842** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
|   | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
|   | While reasonable efforts were made to locate you, we were not able to do so. |
|   | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
|   | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| **X** | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|   | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Marie M. Tomasso*

**May 8, 2007**

Enclosure(s)

**Marie M. Tomasso,**
**District Director**

(Date Mailed)

cc: **Aileen R. Thompson, Esq.**
    **Attorney for Respondent**
    **MCDONNELL & ASSOCIATES PC**
    **601 S. Henderson Road**
    **Suite 152**
    **King Of Prussia, PA 19406**

ORIGINAL

FILED

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 AUG -2

JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

07-479

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

Majed Subh

**DEFENDANTS**

Wal-Mart Stores East, L.P.

**(b)** County of Residence of First Listed Plaintiff  New Castle Cty.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Majed Subh
204 Latimerst Apt 2 Wilmington, DE 19804

Attorneys (If Known)

**II.  BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties iu Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slauder | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Iue. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Aeeommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V.  ORIGIN**  (Place an "X" iu One Box Only)

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statntes unless diversity):
42 USC 2000e ot seq.

Brief description of cause:  Employment discrimination

**VII.  REQUESTED IN COMPLAINT:**

☐  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  Money damages

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

**VIII.  RELATED CASE(S) IF ANY**

(See instructions):

None
Judge

DOCKET NUMBER

DATE  8/2/2007

SIGNATURE OF ATTORNEY OF RECORD  Plaintiff Majed Subh

**FOR OFFICE USE ONLY**

RECEIPT #  148383  AMOUNT  $350.00  APPLYING IFP  JUDGE  MAG. JUDGE

- MAG NTC ISS.
- Rule 4 TSS.

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 AUG -2  AM 9: 00

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  $= 0\ 7 - 4\ 7\ 9\ -$

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:    C.A.#    ⁻ 0 7 ⁻ 4 7 9 ·

CASE CAPTION: _____ v. _____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received      8/2/07          Signed: _____
by Plaintiff:                                        Pro Se Plaintiff

Date Received_____          Signed:_____
by Clerk's office:                                      Deputy Clerk

Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                    If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801

_____
Date mailed

_____
By Deputy Clerk

cc:    Docketing Clerk

wp\forms\rule4receipt 2-04