# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MAJED SUBH,                        )
                                   )
    Plaintiff,             )
                                   )
v.                                 )   Civil Action No. 07-479
                                   )   JURY TRIAL DEMANDED
WAL-MART STORES EAST, LP           )
                                   )
    Defendant.             )

## FIRST AMENDED COMPLAINT

### Parties

1.    Plaintiff Majed Subh is, and at all times relevant hereto was, a resident of New Castle County, Delaware, and is a resident alien of Palestinian heritage and Asian (Middle Eastern) race.

2.    Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart") is a limited partnership in the retail sales business, operating the Wal-Mart store known as Store #5436 in Wilmington, Delaware.

### Jurisdiction

3.    The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 2000e et seq. and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

### Facts

4.    Mr. Subh was employed at the Wal-Mart store, Store #5436, in Wilmington, Delaware beginning on or about December 20, 2005 as a photo center technician; Mr. Subh also worked

for the defendant prior to the opening of said store, during the period of time that the defendant was preparing store # 5436 for its opening.

5. During the period of his employment by Wal-Mart, Mr. Subh was subjected on numerous occasions to yelling and inappropriate verbal comments and other inappropriate behavior by co-workers, including but not limited to Susan Ferrette, Cathy Brown, and others (including an individual known only as "Marvin" who worked in the electronics department of the same store).

6. The inappropriate yelling, verbal comments, and behavior was reported by Mr. Subh to, among others, Mr. Frank Durst, manager of store #5436, and eventually to the Delaware Department of Labor (Charge #06060254W) and Equal Employment Opportunity Commission (Charge #17C-2006-01066) based upon Mr. Subh's allegations of discrimination, and appropriate administrative remedies and processes have been exhausted and appropriate right-to-sue documents have been obtained from those agencies.

7. Subsequent to the filing of discrimination charges with the Delaware Department of Labor and the Equal Employment Opportunity Commission, supervisors and co-workers at defendant Wal-Mart continued to subject Mr. Subh to inappropriate yelling, verbal comments, inappropriate behavior, unjustified disciplinary "coachings," unjustified criticisms based upon his alleged failure to take breaks when he was following company policy for attending to customer needs, and in general Wal-Mart employees continued to harass and retaliated against Mr. Subh.

8. Mr. Subh has experienced the unwanted sexual advances of Tamike Miller, and reported these unwanted sexual advances to Mr. Theodore Robinson of the Delaware Department of Labor, among others.

9.  Mr. Subh has filed a second charge with the Delaware Department of Labor (Charge #07010023W) and the Equal Employment Opportunity Commission (Charge # 17C-2007-00380) asserting ongoing discriminatory harassment and retaliation, and has exhausted his administrative remedies and processes and has obtained appropriate right-to-sue documents from those agencies.

## COUNT I

### Unlawful Discrimination in Employment, 42 U.S.C. § 2000e-1 et seq., Gender, Race, and National Origin Discrimination and Retaliation

10.  Paragraphs 1 to 9 are restated as if more fully set forth herein.

11.  The actions of the employees and management of defendant Wal-Mart were motivated by unlawful gender, race, and national origin discrimination, including sexual harassment, and by unlawful retaliatory motive based upon Mr. Subh's having exercised his rights to be free from discrimination, in violation of Title VII protections against discrimination and retaliation in employment, 42 U.S.C. § 2000e et seq.

12.  Mr. Subh has suffered damages as a result of the actions of Wal-Mart, including but not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses. He has been given the right to sue from Equal Employment Opportunity Commission, as evidenced by the right to sue letter attached hereto and dated August 8, 2007 in the matter designated 17C-2007-00380, and the right to sue letter dated May 8, 2007 in the matter designated 17C-2006-01066, which was attached to the Complaint previously filed.

## COUNT II
### Unlawful Discrimination in Employment, 19 Del. C. § 711 et seq., Gender, Race, and National Origin Discrimination and Retaliation

13. Paragraphs 1 to 12 are restated as if more fully set forth herein.

14. The actions of the employees and management of defendant Wal-Mart were motivated by unlawful gender, race, and national origin discrimination, including sexual harassment, and by unlawful retaliatory motive based upon Mr. Subh's having exercised his rights to be free from discrimination, in violation of Delaware statutory protections against discrimination and retaliation in employment, 19 Del. C. § 711.

15. Mr. Subh has suffered damages as a result of the actions of Wal-Mart, including but not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16. Paragraphs 1-15 are restated as if more fully set forth herein.

17. The actions of defendant Wal-Mart and its employees and agents constitute the intentional infliction of emotional distress upon plaintiff Subh.

18. Mr. Subh has suffered damages as a result of the actions of Wal-Mart, its employees, and agents, including but not limited to lost salary and benefits, damage to his career and reputation, great mental anguish and embarrassment, and other losses.

**WHEREFORE,** Plaintiff Subh demands that judgment be entered in his favor against defendant on the above claims, including awards of compensatory damages, punitive damages,

costs of suit, interest, attorneys' fees under 42 U.S.C. § 2000e-5 and any other appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

PLAINTIFF, MAJED SUBH

_____
MAJED SUBH
204 Latimer Street
Apt. 2
Wilmington, DE 19804
(302) 384-5260

DATE: August 30, 2007

EEOC Form 161 (3/98)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Majed Subh<br>204 Latimer Street<br>Wilmington, DE 19804 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2007-00380 | Charles Brown, III,<br>State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Marie M. Tomasso,
District Director

August 8, 2007
(Date Mailed)

Enclosure(s)

cc: Kelly L. Green, Esq.
MCDONNEL & ASSOCIATES P.C
601 S. Henderson Road
Suite 152
King Of Prussia, PA 19406

Herbert Feuerhake, Esq.
Wilmington, DE 19801