

Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Sarah E. DiLuzio**
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

May 30, 2008

**Via Electronic Filing**

The Honorable Leonard P. Stark
United States District Court
844 King Street
Lock Box 26
Wilmington, DE 19801

      Re:    <u>Subh v. Wal-Mart Stores East LP, C.A. No. 07-479 - SLR-LPS</u>

Dear Judge Stark:

      I write on behalf of the Defendant in this action, Wal-Mart Stores East, L.P. ("Wal-Mart"), in response to the plaintiff's request for appointment of counsel. Although Wal-Mart has no objection if the Court determines that it is appropriate to appoint counsel to represent the plaintiff, it does strongly object to any further delay in this case.

      Plaintiff, acting *pro se*, filed this action on August 2, 2007. (D.I. 1) Plaintiff then agreed to the Scheduling Order proposed by the Court, which called for discovery to be completed by June 7, 2008. (D.I. 8) Wal-Mart served Plaintiff with interrogatories, document requests, requests for admission, and noticed his deposition. (D.I. 12, 13, 14) Plaintiff failed to timely respond to the written discovery and requested a postponement of his deposition. Then, approximately one month before the conclusion of the discovery period, but after the time within which Plaintiff himself could have initiated any discovery, Plaintiff wrote to the Court requesting that the discovery period be extended. (D.I. 15, 16) Before Wal-Mart had the opportunity to object to Plaintiff's request, the Court entered an order amending the scheduling order and extending the deadline for discovery until August 7, 2008. (D.I. 18) Throughout this ten-month period, Plaintiff was acting *pro se*.

      If Plaintiff believed that he was entitled to have counsel appointed, as his May 29, 2008 letter indicates, he could have made that request months ago. Plaintiff's latest request is but another example of his failure to diligently prosecute this action. He should not be rewarded with yet more extensions of time. Moreover, Wal-Mart should not be prejudiced by Plaintiff's caprice. As time passes, witnesses' memories fade and, given the nature of the retail business in which Wal-Mart operates, employee witnesses may leave Wal-Mart without having had their testimony recorded. Regardless of whether Plaintiff's request for counsel is granted, Wal-Mart is entitled to have this matter move forward on the current schedule so that it may move this case to resolution.

The Honorable Leonard P. Stark
May 30, 2008
Page 2

      Counsel for Wal-Mart is available at the Court's convenience if Your Honor has any questions.

                                      Respectfully,

                                      Sarah E. DiLuzio
                                      (DE Bar I.D. No. 4085)

cc:      Majed Subh (via U.S. mail)
         Clerk of the Court (Electronic filing via CM/ECF)

866961/32152