IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAJED SUBH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 07-479-SLR-LPS |
| | : | |
| WAL-MART STORES EAST LP, | : | |
| | : | |
| Defendant. | : | |

### ORDER

At Wilmington this **2nd** day of **June, 2008,**

IT IS ORDERED that:

1. Plaintiffs' motion for appointment of counsel (D.I. 19) is **denied** without prejudice. A pro se litigant has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

2. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

      (1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues; (3) the degree
to which factual investigation will be necessary and the ability
of the plaintiff to pursue investigation; (4) the plaintiff's capacity
to retain counsel on his own behalf; (5) the extent to which a
case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

      3.  Plaintiff moves for appointed counsel on the bases that he is unskilled in the law and that his very recent attempts to secure legal representation on his own have been unsuccessful.

      4.  Although initiated on August 2, 2007, this case nonetheless is still in its early stages. Upon Plaintiff's recent requests for additional time to retain counsel and respond to outstanding discovery requests as well as for postponement of his deposition (D.I. 15, 16), the Court amended the scheduling order in place and extended the discovery and other deadlines in this case (D.I. 18). Moreover, the facts of this case are fairly straightforward. Upon consideration of the record, the Court is not persuaded that appointment of counsel by the Court is warranted at this time. Further motions for appointment of counsel shall be deemed denied without prejudice to renew should any of Plaintiff's claim survive summary judgment.

      5.  This Court's May 13, 2008 Order (D.I. 18) shall continue to govern in all other respects.

_____
UNITED STATES MAGISTRATE JUDGE