IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST LP,<br><br>    Defendant. | :<br>:<br>:<br>:<br>: No. 07-479-SLR-LPS<br>:<br>:<br>: |

**PLAINTIFF'S MOTION TO EXTEND OR STAY DISCOVERY**

**I.   INTRODUCTION AND RELEVANT PROCEDURAL HISTORY**

On August 2, 2007, Plaintiff Majed Subh initiated this lawsuit pro se, alleging, among other things, that Defendant Wal-Mart Stores East LP ("Wal-Mart") harassed and discriminated against him because of his sex, race and national origin, and that he was also subjected to retaliation. On January 8, 2008, this Court entered a Scheduling Order.

On May 6, 2008, Mr. Subh requested additional time to allow him to obtain counsel and to answer Wal-Mart's discovery requests. (D.I. 15.)   On May 13, 2008, this Court entered an amended Scheduling Order. (D.I. 18.) Relevant here, the Court ordered that Mr. Subh respond to Wal-Mart's Interrogatories and Document Requests by June 13, 2008, and Wal-Mart's Requests for Admission by June 27, 2008. The Court also ordered that Mr. Subh's deposition take place by July 14, 2008.

Since the beginning of this litigation, Mr. Subh has made continuous and diligent efforts to obtain counsel, speaking with nine other lawyers Because he was unable to obtain counsel, on May 28, 2008, Mr. Suhb filed a motion requesting court-appointed counsel. On

June 2, 2008, the Court denied his request and ordered that Mr. Suhb comply with the May 13, 2008, Scheduling Order.

Continuing his diligent search for counsel, on June 10, 2008, Mr. Subh consulted with the undersigned and requested representation. The undersigned expeditiously evaluated Mr. Subh's lawsuit. On June 12, 2008, the undersigned entered their appearance on behalf of Mr. Subh and contacted Wal-Mart's counsel to seek their agreement on a reasonable timetable for the resolution of this matter.

The undersigned have not had the opportunity to fully review Wal-Mart's discovery requests and are unable to adequately advise Mr. Subh or prepare complete written responses by the Court's June 13, 2008 deadline. Likewise, counsel have not had the opportunity to prepare discovery requests directed to Wal-Mart. Accordingly, to avoid undue prejudice and in the interests of justice, Mr. Subh respectfully requests that the Court issue a revised scheduling order to allow appropriate time for him to consult with counsel, prepare responsive discovery, and make relevant discovery requests. In the alternative, Mr. Subh requests a stay of discovery pending a mediation conference.

## II.    MR. SUBH'S POSITION AND REASONING ON THE ISSUES

Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The "good cause" standard focuses upon the diligence of the moving party. Specifically, a party demonstrates good cause for a modification by showing that, even with the exercise of due diligence, he is unable to meet the timetable set forth in the order. *Wyeth v. Teva Pharms. United States, Inc.*, 2005 U.S. Dist. LEXIS 40055 at *9 (D.N.J.); *see* 6A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1522.1, at p. 231 (1990); *Agrizap, Inc. v. Woodstream*

*Corp.*, 2007 U.S. Dist. LEXIS 1794 (E.D. Pa. Jan. 9, 2007); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification").[1]

Here, since filing this action in August 2007, Mr. Suhb contacted nine attorneys seeking assistance. Mr. Suhb also sought court-appointed counsel. (*See* D.I. 19.) Despite his due diligence, Mr. Suhb was unable to find qualified counsel who were willing to represent him until June 11, 2008. This Motion was brought as soon as practicable after the undersigned entered their appearance, attempted to confer with Wal-Mart's counsel, and prepared this Motion.

Granting Mr. Subh's request for an extension of the deadlines in this case will not unduly delay this litigation or prejudice the Wal-Mart. As noted by the Court in its June 2, 2008, Order, "this case . . . is still in its early stages." (DI 22.) (Indeed, with the assistance of counsel Mr. Subh anticipates that this matter will proceed more expeditiously.)

Moreover, based upon the record to date, it is questionable whether Wal-Mart's discovery requests are proper. Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . . " FED. R.

---

[1] In its May 30, 2008 Letter to the Court, Wal-Mart asserts that any delay in this case would unduly prejudice it because "witnesses' memories fade . . . ." (DI 20.) Wal-Mart is well aware that administrative charges routinely take more than a year to resolve. According to the Administrative Office of the U.S. Courts, cases filed within some districts in the Third Circuit have a median time from filing to resolution of 19.4 months. Moreover, any memory loss by witnesses is more likely to inure to Wal-Mart's benefit than Mr. Subh's. Wal-Mart will not be prejudiced by a reasonable extension of the discovery period. Instead, such an extension will satisfy Rule 1's requirement that cases be administered to ensure their just, speedy, and inexpensive determination. *See* FED. R. CIV. P. 1.

CIV. P.. 26(f); *Alston v. Parker*, 363 F.3d 229, 236, n. 11 (3d Cir. 2004). Mr. Subh did not participate in a Rule 26(f) conference with Wal-Mart.

Nor has Wal-Mart yet complied with its Rule 26(a) obligations. *See* FED. R. CIV. P.. 26(a) (requiring, *inter alia*, identification of witnesses and documents). Rule 26's obligations are independent of the other party's actions, and "a court should not excuse non-compliance with Rule 26 by one party for the reason that the other party may not have fully complied with discovery requests." *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002).

Wal-Mart's failure to fulfill its Rule 26 obligations is especially troubling here because pro se litigants are the beneficiaries of special treatment. They are "commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession." *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir. 1984). This is so because it is fundamental to our legal system that implicit in the right to self-representation is an obligation by the judicial system "to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Although the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), "it should not be impaired by harsh application of technical rules." *Traguth* at 95.

Considering Wal-Mart's failure to participate in the discovery process, at best the Company took advantage of Mr. Subh's inexperience with law and procedure, and his disadvantages of being an immigrant who speaks English as a second language. Minimally,

because Wal-Mart has not complied with the Rules, it cannot complain about Mr. Subh's alleged failure to meet the requirements it did not.[2]

Although the denial of Mr. Subh's request will not prejudice Wal-Mart, it will substantially prejudice Mr. Subh's ability to prosecute his case and adequately prepare for trial. Based upon Wal-Mart's conduct during discovery, if the Court does not allow sufficient time for counsel to advise him, Mr. Subh will have prejudicial difficulty responding to Wal-Mart's discovery requests and in gathering potentially dispositive information from Wal-Mart.

If the Court refuses to extend discovery, however, in the alternative Mr. Subh asks that the Court stay discovery pending mediation of this case. Mr. Subh is willing to engage in meaningful discussions concerning the resolution of this case. Mr. Subh believes that with the assistance of the Court, this matter may be resolved.

### III. CONCLUSION

Wherefore, Mr. Subh respectfully requests that the Court grant his Emergency Motion to Extend or Stay Discovery so that he will have appropriate time to consult with counsel, prepare responsive discovery, and make relevant discovery requests so that the just, speedy, and inexpensive determination of this action may be secured. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962) (Rule 1's objectives of justice are "the touchstones of federal procedure.").

In the alternative, Mr. Subh requests that the Court stay discovery until the parties may engage in mediation with the Court.

---

[2] It is well-established that one who seeks equity "must come to the court with clean hands." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 244 (1933); *Art Metal Works v. Abraham & Straus*, 70 F.2d 641, 646 (2d Cir. 1934) (Hand, J., dissenting).

Respectfully submitted,

/s/ Frank Conley
Frank J. Conley, Esquire
*Pro hac vice pending*
**THE CONLEY FIRM**
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118
(215) 836-4789
FConley@ConleyFirm.com

Glenn Brown, Esquire
Bar No. 4669
**Real World Law**
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340
glenn.brown@realworldlaw.com

Date: 12 June 2008

## CERTIFICATE OF COMPLIANCE WITH RULE 37

The movant certifies that he has in good faith conferred or attempted to confer with the other party in an effort to resolve the matter without Court action.

/s/ Frank J. Conley

**CERTIFICATE OF SERVICE**

I hereby certify that on 12 June 2008, a true and correct copy of Mr. Subh's Motion to Extend or Stay Discovery was filed electronically via the Court's ECF system, which will send notification of such filing, and that the document is available for downloading and viewing, to counsel of record:

> Sarah DiLuzio
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington Delaware • 19801

> /s/ Glenn Brown
> Glenn Brown, Esquire
> Real World Law
> 916 N. Union St #2
> Wilmington, DE 19805
> (302) 225-8340

Date: 12 June 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 07-479-SLR-LPS |
| | : |
| WAL-MART STORES EAST LP, | : |
| | : |
| Defendant. | : |

**SECOND AMENDED SCHEDULING ORDER**

At Wilmington this ___ day of June 2008;

Having considered Plaintiff's Emergency Motion to Extend or Stay Discovery, and recognizing that Plaintiff's counsel entered their appearance on June 11, 2008, and require sufficient time to confer with Plaintiff and complete discovery in this matter, IT IS ORDERED that:

1. **Outstanding Discovery**. To the extent Plaintiff has not already done so, Plaintiff shall respond to: (i) Defendant's First Request for Production of Documents (*see* D.I. 13) and (ii) Defendant's First Set of Interrogatories (*see* D.I. 13) **on or before August 29, 2008**, and (iii) Defendant's Request for Admissions **on or before August 29, 2008**. Moreover, to the extent Plaintiff has not already done so, Plaintiff shall coordinate with Defendant's counsel to reschedule Plaintiffs deposition (*see* D.I. 12) so that such deposition is completed **on or before September 15, 2008**.

Any failure to provide or permit such discovery may result in the imposition of sanctions, including dismissal of the case. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). The parties are advised that further requests for extensions are not likely to be viewed favorably.

2.  **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **October 13, 2008**.

3.  **Application by Motion**. The parties are reminded that any request or application to the Court shall be by formal written motion filed with the Clerk. Unless otherwise requested by the Court, the parties shall not deliver copies of papers or correspondence to Chambers.

4.  **Summary Judgment Motion**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **October 31, 2008**. Answering briefs and affidavits, if any, shall be filed on or before **November 28, 2008**. Reply briefs shall be filed on or before **December 5, 2008**.

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF COMPLIANCE WITH RULE 37

The movant certifies that he has in good faith conferred or attempted to confer with the other party in an effort to resolve the matter without Court action.

/s/ Frank J. Conley