IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAJED SUBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-479 SLR-LPS |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND OR STAY DISCOVERY**

Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") opposes Plaintiff Majed Subh's ("Plaintiff") request to extend or stay discovery in this long-pending employment discrimination action.

**INTRODUCTION**

Plaintiff, acting *pro se*, filed this action on August 2, 2007.  (D.I. 1)  Before doing so, however, Plaintiff pursued a charge of discrimination with the Delaware Department of Labor and Equal Employment Opportunity Commission for race and national origin discrimination.  *Id.* During the administrative process, which was a prerequisite to Plaintiff's ability to pursue his claims in this Court, Plaintiff was represented by counsel.  Although that attorney, apparently, was not willing to continue to represent Plaintiff, it is important to recognize that Plaintiff had the assistance of counsel in preparing this action.  Moreover, despite the fact that Plaintiff was advised by his former counsel that he would not continue to represent him in this Court, Plaintiff did not begin his "diligent search" for counsel until several months later, after Wal-Mart attempted to move the matter forward by propounding reasonable discovery requests.  (D.I. 15, 16, 19)

Nonetheless, the Court granted Plaintiff's first request to extend the discovery deadlines to which he previously had agreed. (D.I. 18) Plaintiff now requests a further extension of those deadlines because he has finally retained counsel. This second request comes, again, at a time when Wal-Mart is expecting responses to the discovery it served months ago, and preparing to take the deposition of Plaintiff, which had been noticed for May 6, 2008, yet was postponed at Plaintiff's insistence. Again, Plaintiff has reinforced the pattern he has developed of pushing the progress of this case backwards every time Wal-Mart tries to move the case forward. Wal-Mart respectfully requests that the Court deny Plaintiff's motion and hold firm on the current schedule, which calls for discovery to be concluded by August 7, 2008.

## PROCEDURAL HISTORY

Plaintiff filed this employment discrimination action against Wal-Mart, his former employer, on August 2, 2007. (D.I. 1) Plaintiff then filed an Amended Complaint on August 30, 2007 (D.I. 3), which was served upon Wal-Mart on November 5, 2007. (D.I. 6) Wal-Mart filed a timely Answer to the Amended Complaint on November 26, 2007, denying that Plaintiff had been subjected to unlawful discrimination and asserting several affirmative defenses. (D.I. 5)

The Court wrote to the parties on December 5, 2007, and, pursuant to Fed. R. Civ. P. 16(a) and D. Del. LR 16.1, proposed a schedule for the efficient resolution of the case. (D.I. 7) Because Plaintiff was unrepresented at that time, the Court did not order a scheduling conference. *See* D. Del. LR 16.1. Plaintiff informed the Court that he had no objection to the proposed schedule. (D.I. 8) Wal-Mart, likewise, agreed to the schedule, which called for the discovery period to close on June 7, 2008. (D.I. 9, 10) Wal-Mart served Plaintiff with interrogatories, document requests, requests for admission, and noticed his deposition. (D.I. 12,

13, 14) All of these discovery requests complied with the Federal Rules of Civil Procedure and Local Rules in format and number. *Id.*

Plaintiff failed to timely respond to the written discovery and requested a postponement of his deposition. Then, approximately one month before the conclusion of the discovery period, but after the time within which Plaintiff himself could have initiated any discovery, Plaintiff wrote to the Court requesting that the discovery period be extended. (D.I. 15, 16) The Court granted Plaintiff's request and entered an Order amending the scheduling order as follows: Plaintiff must respond to (i) Defendant's First Request for the Production of Documents and First Set of Interrogatories by June 13, 2008, (ii) Defendant's Request for Admissions by June 27, 2008 and (iii) make himself available for deposition before July 14, 2008. Finally, the deadline for completion of discovery was extended until August 7, 2008. (D.I. 18) That Order also indicated, however, that "further requests for extensions are not likely to be viewed favorably." *Id.*

Nonetheless, the day before Plaintiff's discovery responses were due to Wal-Mart, Plaintiff's newly-retained counsel requested an additional, sixty-day extension of the discovery period. Wal-Mart does not believe that the facts or procedural circumstances of this case warrant additional extensions of time.

**ARGUMENT**

    **A.**    **Plaintiff Has Not Shown Good Cause For An Additional Extension of Time**

As Plaintiff acknowledges, the Scheduling Order may be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Plaintiff's recent attempts to obtain counsel are not evidence of "due diligence" in compliance with the existing deadlines and do not equate to good cause for the extension of time. Indeed, Plaintiff's motion is devoid of evidence that he has

made any effort to respond to the outstanding discovery, or otherwise move this matter forward. Instead, Plaintiff asks this Court to continue to burden its docket, and prolong Wal-Mart's good faith efforts to resolve this matter, solely because he was, for a time, unrepresented by counsel. The fact that Plaintiff was proceeding *pro se* before this Court did not excuse him from adhering to the rules of procedure or the Scheduling Order. *See, e.g., Boykins v. Lucent Technologies, Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000); *aff'd without op.,* 29 Fed. Appdx. 100 (3d. Cir. 2002) (stating "merely because a non-moving party is proceeding *pro se* does not relieve him of the obligation" to follow the rules).

Moreover, that this case is still in its earliest stages is precisely the point. Despite the presence of a Scheduling Order, this case has progressed no further than the pleading stage in six months. That delay is attributable solely to Plaintiff. Wal-Mart has diligently tried to move the matter forward, through the discovery process, but has been met with nothing but resistance from Plaintiff.

Finally, given the long pendency of this matter, it is ironic that Plaintiff attempts to avoid his discovery obligations by asserting that they are premature. Wal-Mart was not required to confer with Plaintiff before serving written discovery because the Court determined that a Rule 16 scheduling conference was unnecessary in light of Plaintiff's (then) *pro se* status. *See*, *e.g.*, D. Del. LR 16.1. Therefore, once the Court entered the Scheduling Order, to which all parties agreed, Wal-Mart was free to serve written discovery.

Neither Plaintiff nor Wal-Mart served initial disclosures as contemplated by Federal Rule of Civil Procedure 26(a). Nor did the Scheduling Order in this case require such an exchange. Accordingly, Plaintiff is hard-pressed to justify an additional sixty-day delay in the schedule simply because he did not receive those disclosures. Furthermore, Plaintiff is not without

information from Wal-Mart. As discussed above, Plaintiff's race and national origin discrimination claims were subject to an administrative process. As part of that process, Wal-Mart was required to present witness accounts and documentary evidence in support of its position. As required by the rules of the Delaware Department of Labor, all of that information was shared with Plaintiff. Although Wal-Mart understands the need of Plaintiff's counsel to familiarize themselves with the facts of this matter, counsel accepted the representation knowing the schedule that was in place, and should be accountable for their client's exhaustion of that schedule.

### B.    A Stay of Discovery Is Not Appropriate

Plaintiff requests, alternatively, a stay of discovery in this matter pending a mediation conference. Although there was a time when Wal-Mart considered resolving this case, and worked with Plaintiff in an attempt to do so, Plaintiff's persistently unreasonable position made it improbable that the parties can now come to terms. Wal-Mart, and the undersigned counsel, have too much respect for this Court's time and limited resources to waste them in a mediation if Plaintiff is only interested in the payment of money to resolve this action. In any event, even if the parties were interested in mediation, that process would not justify an indefinite stay of the discovery period.

## **CONCLUSION**

In light of the foregoing, Wal-Mart respectfully requests that Plaintiff's second motion to extend discovery be denied.

                POTTER ANDERSON & CORROON LLP

                By: */s/ Sarah E. DiLuzio*
                    Kathleen Furey McDonough (I.D. 2395)
                    Sarah E. DiLuzio (I.D. 4085)
                    1313 North Market Street
                    P.O. Box 951
                    Wilmington, DE  19899-0951
                    Telephone:  (302) 984-6000
                    Telefax:  (302) 658-1192
                    kmcdonough@potteranderson.com
                    sdiluzio@potteranderson.com

                *Attorneys for Defendant Wal-Mart Stores East, LP*

Dated:   June 26, 2008
869268

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2008, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document has been filed and is available for viewing and downloading.

>Glenn Brown, Esquire
>Real World Law
>916 N. Union St. #2
>Wilmington, Delaware  19805

>*/s/ Sarah E. DiLuzio*
>Sarah E. DiLuzio (#4085)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19899-0951
>Telephone:  (302) 984-6000
>Telefax:  (302) 658-1192
>E-mail:  sdiluzio@potteranderson.com

869268