## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MAJED SUBH,                              :
                                         :
                    Plaintiff,           :
                                         :
v.                                       :     C.A. No. 07-479-SLR-LPS
                                         :
WAL-MART STORES EAST LP,                 :
                                         :
                    Defendant.           :

## ORDER

At Wilmington this **27th** day of **June, 2008**;

Having considered Plaintiff's Motion to Extend or Stay Discovery (D.I. 25)

and Defendant's response thereto (D.I. 26), IT IS ORDERED that:

1.    Plaintiff's request to stay discovery is DENIED.

2.    **Outstanding Discovery**. To the extent Plaintiff has not already done so,

Plaintiff shall respond to: (i) Defendant's First Request for Production of Documents

(see D.I.13), (ii) Defendant's First Set of Interrogatories (see D.I.13), and (iii)

Defendant's Request for Admissions (see D.I.14) **on or before July 15, 2008**.

Moreover, to the extent Plaintiff has not already done so, Plaintiff shall coordinate with

Defendant's counsel to reschedule Plaintiff's deposition (see D.I.12) so that such

deposition is completed **on or before July 31, 2008**.

Any failure to provide or permit such discovery may result in the imposition

of sanctions, including dismissal of the case. See Fed. R. Civ. P. 37(b)(2)(A)(v). In my

earlier Order (see D.I.18), I noted that further requests for extensions were not likely to

be viewed favorably. Although in light of Plaintiff's recent retention of counsel in this case the Court does deem it reasonable to provide a short extension of the existing deadlines, absent exceptional circumstances, no further extensions will be permitted.

3.      **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **August 21, 2008**.

4.      **Application by Motion**. The parties are reminded that any request or application to the Court shall be by formal written motion filed with the Clerk. Unless otherwise requested by the Court, the parties shall not deliver copies of papers or correspondence to Chambers.

5.      **Summary Judgment Motion.** All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **September 22, 2008**. Answering briefs and affidavits, if any, shall be filed on or before **October 7, 2008**. Reply briefs shall be filed on or before **October 14, 2008**.

6.      A teleconference has been scheduled for **July 16, 2008 at 12:00 p .m.** with Magistrate Judge Stark to discuss the scheduling of, the procedures involved and the types of alternative dispute resolutions available, including mediation conferences. **Plaintiff's counsel shall initiate the teleconference call to 302-573-4573.**

            Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

2

Counsel and the parties are required to review and be prepared to discuss

the attachment to this Order during the teleconference.

UNITED STATES MAGISTRATE JUDGE

## **TELECONFERENCE PREPARATION REQUIREMENTS**

The following are some areas that the Court will focus upon during the teleconference, if applicable. Counsel are required to be prepared to discuss these areas and shall advise the Court of other issues that may affect ADR.

1. The parties' interest in ADR and the type of ADR (e.g., mediation; arbitration, binding or non-binding, with or without high/low; neutral evaluation; summary or mini bench or jury proceeding).

2. The timing of any ADR process.

3. The availability of counsel, the parties and/or their decision makers.

4. The length of time needed for the scheduled ADR process (e.g., more than one day).

5. The identities of any non-parties who have an interest or influence on the outcome of the litigation, and whether they were notified by counsel or the parties of the teleconference. For example, such non-parties would include health care or workers' compensation lienholders, excess carriers, or unsecured creditors in bankruptcy adversary proceedings. **Note:** If any non-party's interest would likely prevent a resolution if not a participant in the selected ADR process, or whom counsel or a party feels may be necessary for an effective ADR process to occur, then counsel or the party **shall advise** the non-party or its representative of the date and time of the teleconference and their required participation.

6. Any ancillary litigation pending/planned which could affect the ADR process in this case, including companion cases filed in this Court or other courts, and

arbitration proceedings.

       7.     Previous efforts, if any, by the parties or their counsel to resolve this matter.

       8.     The identification of any outstanding liens, the amounts verified, and whether the liens are negotiable or limited by governmental regulations or statutes (federal, state or local).

       9.     The identification of other information required to appropriately and reasonably value this matter prior to the ADR process selected.  If the information will not be available or completed by the time of the teleconference, counsel shall have an understanding of the type of information, reports, data and necessary discovery before ADR should occur.