IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-479 SLR-LPS |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that on August 20, 2008, Defendant served the attached Subpoena Duces Tecum upon Lindsey Maske, Executive Manager of Happy Harry's, A Walgreens Pharmacy, Fox Run Shopping Center, 128 Fox Hunt Drive, Bear, Delaware 19701.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores East, LP*

Dated: August 21, 2008
PA&C-879309v1

# EXHIBIT A

# United States District Court
## for the District of Delaware

MAJED SUBH,
    Plaintiff,
v.
WAL-MART STORES EAST, LP,
    Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: C.A. No. 07-479 SLR-LPS

TO: Lindsey Maske, Executive Manager
Happy Harry's, A Walgreens Pharmacy
Fox Run Shopping Center
128 Fox Hunt Drive
Bear, Delaware 19701

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

|  | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See attachment A.**

| PLACE | DATE AND TIME |
|---|---|
| Potter Anderson & Corroon LLP<br>Hercules Plaza, Sixth Floor<br>1313 N. Market Street<br>Wilmington, DE 19801 | September 10, 2008 at 10:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Sarah E. DiLuzio* (Attorney for Defendant) | DATE<br>August 21, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sarah E. DiLuzio, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE<br>August 20, 2008 | PLACE<br>Happy Harry's, A Walgreens Pharmacy<br>Fox Run Shopping Center<br>128 Fox Hunt Drive<br>Bear, Delaware 19701 |
|---|---|---|
| SERVED ON (PRINT NAME)<br>Happy Harry's, A Walgreens Pharmacy<br>Attn: Lindsey Maske, Executive Manager | | MANNER OF SERVICE<br>U.S. Mail |
| SERVED BY (PRINT NAME)<br>Patricia W. Marinelli | | TITLE<br>Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    August 21, 2008
                        DATE

*Patricia W. Marinelli*
SIGNATURE OF SERVER

Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
Wilmington, DE 19801

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.

(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

**DUCES TECUM:** Any and all documents related to the employment of Majed Subh, from the first date of his employment through and including the present, with Happy Harry's, A Walgreens Pharmacy, including, but not limited to, full-time and/or part-time employment at any and all locations; and including, but not limited to, the following:

- Employment application;
- Salary history;
- History of benefits and any current benefits;
- Severance and/or other post-employment compensation;
- Job titles and/or positions;
- Job descriptions;
- Requirements of positions held;
- Work schedules and/or records of the number hours worked per week;
- Performance and/or discipline documents;
- Co-Worker and/or customer complaints;
- Personnel file; and
- Human Resources files and/or any records related to complaints made or filed in connection with Mr. Subh's employment.

879286

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document has been filed and is available for viewing and downloading.

        Glenn A. Brown, Esquire
        Real World Law, PC
        916 North Union Street, Suite #2
        Wilmington, DE  19805

        /s/ Sarah E. DiLuzio
        Sarah E. DiLuzio (#4085)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, 6th Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE  19899-0951
        Telephone:  (302) 984-6000
        Telefax:  (302) 658-1192
        E-mail:  sdiluzio@potteranderson.com

PA&C-879309v1