IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-479-SLR/LPS |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of September, 2009, having reviewed the Report and Recommendation issued by Judge Stark on March 31, 2009 (D.I. 57), plaintiff's objections thereto (D.I. 58), and defendant's response to said objections (D.I. 60), pursuant to Fed. R. Civ. P. 72(b)(2); and having reviewed the record de novo;

IT IS ORDERED that the objections to the Report and Recommendation lodged by plaintiff are deemed timely filed but denied on the merits, for the reasons that follow:

1. **Timeliness.** Plaintiff's objections were filed on April 20, 2009, consistent with the electronic docketing system notice. Defendant asserts that the April 20th deadline is inconsistent with Fed. R. Civ. P. 72, the court's "Standing Order in Non-Pro Se Matters for Objections Filed Under Fed. R. Civ. P. 72," and the Report and Recommendation itself, which all call for objections to be filed "within 10 days after" service. I have confirmed that the April 20th date is, in fact, consistent with the above authorities; to wit, the 10-day period in this case started to run on April 1, expired on

April 15 (excluding two weekends and one holiday, Good Friday), and was further amplified by an additional 3 days to account for service, which period expired on Monday, April 20, 2009 (excluding the weekend). Therefore, the objections were timely filed.

2. **New evidence.** Plaintiff has submitted new evidence in support of his objections. (D.I. 58, exs. 1-4; D.I. 59) Although a court, in its discretion, may receive further evidence in conjunction with resolving objections, see Fed. R. Civ. P. 72(b)(2), I am not inclined to do so. Plaintiff has been represented by counsel since June 2008, who had the opportunity to pursue discovery on plaintiff's behalf. To either re-open discovery or to rely on evidence that has not been vetted through the motion practice undermines the fair and efficient resolution of disputes.[1]

3. **Form.** Rule 72(b)(2) requires that any objections be "specific." In his first objection, plaintiff argues that "the evidence supports" his claims and goes on to reargue his entire case. I decline to consider this objection, as plaintiff has abused the review process contemplated under Rule 72.

4. **Exhaustion.** Neither of plaintiff's DDOL or EEOC charges identified claims for gender discrimination or sexual harassment. Such claims are not closely related to plaintiff's claims of discrimination based on race and national origin. There was no error in ruling that plaintiff had failed to exhaust his administrative remedies with respect to claims of gender discrimination and sexual harassment.

---

[1] Moreover, the declarations of Stokes and Saini recount incidents that were considered by Judge Stark. In the Orlov declaration, the affiant opines that plaintiff suffers from severe mental distress; even if true, such an assertion adds nothing to a record devoid of evidence that defendant's conduct was the cause of such distress.

5. **Sexual harassment.** Despite the above ruling, Judge Stark ruled on the merits of plaintiff's purported sexual harassment claim and found it wanting, based on the fact that defendant terminated the alleged offender (albeit not as promptly as plaintiff wanted) upon its investigation of plaintiff's complaint.[2] I find no error in this ruling.

6. **Race and national origin.** Judge Stark concluded that plaintiff failed to respond to the summary judgment motion with evidence that could establish that employees outside the protected class were treated more favorably. Having reviewed the record de novo, there is no error in this finding. Plaintiff has failed to satisfy a requirement of his prima facie case, to show that the circumstances of the adverse employment action give rise to an inference of discrimination.

7. **Hostile work environment.** The record is consistent with Judge Stark's finding that the totality of the circumstances, even as characterized by plaintiff, does not demonstrate severe or pervasive discrimination.

8. **Retaliation.** Judge Stark concluded that, even assuming a causal link between plaintiff's asserted protected activity (charges of discrimination) and the alleged adverse employment actions (disciplinary actions), plaintiff failed to raise a genuine issue of material fact as to pretext, based on a record where several different managers of diverse races and gender observed plaintiff's unsatisfactory conduct and imposed discipline in accord with company policy. I find no error in this conclusion.

---

[2] Given the plaintiff asserts that his gender discrimination claim is based upon defendant's alleged failure to act on his sexual harassment complaints, Judge Stark's reasoning applies equally to this claim.

9. **State law claims.** Because Delaware's discrimination statute is virtually identical to Title VII, for the reasons stated above, plaintiff's claim based on Delaware law does not present triable issues. In addition, there is no error in the conclusion that plaintiff has presented no genuine issues of material fact with respect to his intentional infliction of emotional distress claim, based on the standard that defendant's conduct would have to be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. *See Mattern v. Hudson*, 532 A.2d 85 (Del. Super. 1987).

THEREFORE, IT IS FURTHER ORDERED that:

1. The Report and Recommendation (D.I. 57) is accepted. In his 39-page opinion, Judge Stark reviewed the record in exhaustive fashion and analyzed the law with care. Plaintiff was given a full and fair opportunity to present his version of events. Judge Stark's conclusions are neither clearly erroneous nor contrary to the law.

2. The motion for summary judgment filed by defendant (D.I. 48) is granted.

3. The clerk of court is hereby directed to enter judgment in favor of defendant and against plaintiff and to, thereafter, close the case.

_____
United States District Judge